UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JOEL KRETZMER,

          Plaintiff,                     Case No: 11-15623

vs.                                       HON. AVERN COHN

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Doc. 17) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 12) AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 15)**[1]

**I. INTRODUCTION**

This is a Social Security case. Plaintiff Steven Kretzmer (Kretzmer) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying his application for Social Security disability benefits. Kretzmer claims disability since August 1, 2006, due to severe depression, anxiety, panic attacks, tremors, extreme anger, agoraphobia, and paranoia.

The parties filed cross motions for summary judgment. The motions were referred to a magistrate judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Kretzmer's motion for summary judgment be granted in part, to the extent it seeks a remand, and denied in part, to the extent it seeks an award of benefits, and that the

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Commissioner's motion for summary judgment be denied. The Commissioner filed timely objections to the MJRR (Doc. 19). Kretzmer did not file a response. For the reasons that follow, the Court will adopt the MJRR, deny the Commissioner's motion for summary judgment (Doc. 15), grant in part and deny in part Kretzmer's motion for summary judgment (Doc. 12), and remand to the ALJ for further proceedings consistent with this opinion.

## II. BACKGROUND

Since there is no objection to the MJ's recitation of the procedural history and administrative record, the Court adopts that portion of the MJRR as if fully set forth herein. See (Doc. 16).

To summarize, Kretzmer claims he has been disabled since August 1, 2006 due to numerous psychological problems. Since August 1, 2006, Kretzmer has not maintained gainful employment. He worked two days as a cashier at CVS drug store but left because he could not handle the job. He worked at the Salvation Army but did not last more than one week. Before the onset of his claimed disability Kretzmer worked in various retail positions. He completed high school, one year of college, and trained at Specs Howard School of Broadcasting.

The evidence supporting Kretzmer's disability is contained in (1) his own testimony; (2) disability reports; (3) treating physician reports; and (4) consulting physician reports.

In expressing an opinion on Kretzmer's claim, Thomas T.L. Tsai, M.D. (Tsai) reviewed Kretzmer's records and completed a Mental Residual Functional Capacity (RFC) Assessment and a Psychiatric Review Technique. Tsai opined that Kretzmer could perform unskilled work. Further, at Kretzmer's disability hearing, Lawrence Zatkin testified as an independent vocational expert (VE). The MJRR summarizes the VE's testimony:

> The ALJ asked the VE to imagine a claimant of Kretzmer's age, education, and work experience, who was able to perform light unskilled work, with the following nonexertional limitations: only limited contact with the public and occasional direction or interaction with his supervisor. The VE testified that the hypothetical individual would not be capable of performing Kretzmer's past relevant work. However, the VE testified that the hypothetical individual would be capable of working in the position of Night Office Cleaner (5,000 jobs in the State of Michigan). Upon questioning by Kretzmer's attorney, the VE further testified that if the hypothetical individual had "difficulty with persistence and pace," such a limitation could preclude employment altogether, depending on how severe the limitation was.

(Doc. 17, p. 14-15) (internal citations to record omitted).

Applying the five-step sequential analysis, the ALJ determined that Kretzmer was not disabled. As summarized in the MJRR:

> At Step One, the ALJ found that Kretzmer has not engaged in substantial gainful activity since August 1, 2006, his alleged onset date. At Step Two, the ALJ found that Kretzmer has the severe impairments of dysthymic disorder, depression, anxiety, agoraphobia, and paranoia. At Step Three, the ALJ found that Kretzmer's mental impairments, whether considered alone or in combination, do not meet or medically equal Listing 12.04 (for affective disorders), Listing 12.06 (for anxiety-related disorders), or Listing 12.08 (for personality disorders).
> The ALJ then assessed Kretzmer's residual functional capacity ("RFC"), concluding that Kretzmer was capable of performing the full range of unskilled work at all exertional levels, but with the following nonexertional limitation: limited contact with the public and occasional interaction with supervisors.
> At Step Four, the ALJ determined that Kretzmer is unable to perform his past relevant work, which consisted of retail sales and stocking, and which was semi-skilled in nature and medium exertion. At Step Five, the ALJ concluded, based in part on the VE's testimony, that Kretzmer is capable of performing a significant number of jobs that exist in the national economy. As a result, the ALJ concluded that Kretzmer is not disabled under the Act.

(Doc. 17, pp. 16-17) (internal citations to record omitted).

### III. THE MJRR

The MJ determined that the ALJ erred by posing a hypothetical question to the VE that did not include all of Kretzmer's credible limitations. The MJ reasoned that the ALJ found that Kretzmer has moderate difficulties with regard to concentration, persistence or pace. Nevertheless, the ALJ's hypothetical question posed to the VE did not incorporate this finding. The hypothetical to the VE only stated the following nonexertional limitations: limited contact with the public and occasional interaction with his supervisor. When further questioned by Kretzmer's lawyer, the VE testified that if the hypothetical individual had difficulty with persistence and pace, the limitation could preclude employment altogether, depending on its severity.

### IV. STANDARD OF REVIEW

#### A. Objections to MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985); Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

#### B. Commissioner's Disability Determination

Judicial review of a Social Security disability benefits application is limited to

4

determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6thCir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x. 496, 508 (6th Cir. 2006).

Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

## V. ANALYSIS

### A.

The Commissioner objects to the MJRR on the grounds that the ALJ's decision was based on substantial evidence. The Commissioner makes a general argument that, because Kretzmer did not challenge the ALJ's decision based on the omission of certain limitations to the hypothetical question, he waived that challenge. The Court disagrees.

### B.

As the MJ correctly noted, the ALJ expressly found that Kretzmer has moderate difficulties with regard to concentration, persistence or pace (Doc. 10-2, p. 14). Further, the ALJ stated that she gave great weight to the opinions of Kretzmer's treating physician, Dr. Mathew. However, the ALJ did not incorporate into either the RFC finding or the hypothetical question posed to the VE Dr. Mathew's opinion that Kretzmer has difficulty concentrating and completing tasks. Based on the ALJ's questions to the VE, the VE concluded that there were 5,000 "Night Office Cleaner" jobs in the state that the hypothetical person could perform. When Kretzmer's lawyer followed up with the VE, he specifically asked about persistence and pace:

> Q. Would the performance of these janitorial jobs be affected if he has difficulty with persistence and pace?
>
> A: Production jobs, he has to complete them. If he can't complete the job in the work schedule then it's going to

> be a problem? Obviously. If he needs to take a break to get his anxiety under control or maybe step out of the work sight for a few moments to get a cold drink of water or go to a laboratory, that's not going to be preclusive of completing those jobs, but he still has to complete the work at the end of the schedule. So it comes down to how bad it is?

(Doc. 10-2, pp. 68-69).

## C.

The Sixth Circuit has held that a hypothetical question posed to a VE must accurately portray the claimant's physical and mental impairments. Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 516 (6th Cir. 2010); Webb v. Comm'r of Soc. Sec., 368 F.3d 629 (6th Cir. 2004). Where the ALJ finds that a claimant has deficiencies in concentration, persistence and pace, failure to account for such deficiencies in the hypothetical question constitutes reversible error. Allen v. Comm'r of Soc. Sec., No. 09-13503, 2010 WL 3905983, at *5 (E.D. Mich. June 2, 2010) ("The failure to account for deficiencies in concentration, persistence and pace in the hypothetical question constitutes reversible error.") (citing Bankston v. Comm'r, 127 F. Supp. 2d 820, 826 (E.D. Mich. 2000)); Badour v. Comm'r of Soc. Sec., No. 10-13280, 2011 WL 3320872, at *7 (E.D. Mich. July 18, 2011) ("The failure to account for moderate concentrational deficiencies constitutes reversible error.") (citing Farley v. Comm'r of Soc. Sec., 820 F.2d 777, 779 (6th Cir. 1987)).

"The Sixth Circuit held that an ALJ's failure to include in a hypothetical question a finding that a claimant 'often' has difficulty concentrating is not a basis for remand when the hypothetical question adequately describes that claimant's limitations arising from a mental impairment." Benton v. Comm'r of Soc. Sec., 511 F. Supp. 2d 842, 848-49 (E.D. Mich.

2007) (citing Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001)).  The central inquiry is whether the ALJ's question adequately accounted for the claimant's concentration limitations.  Id. at 859 (citation omitted).

In Allen, the court addressed the same issue here and concluded,

> The problem here is that the ALJ found explicitly that Plaintiff experienced moderate deficiencies in concentration, persistence, and pace.  Despite this determination, he made no reference whatsoever to concentrational limitations in the hypothetical question.  The VE's job findings, made in response to an incomplete set of limitations (by the ALJ's own account) does not constitute substantial evidence.

2010 WL 3905983, at *5 (citing Teverbaugh v. Comm'r of Soc. Sec., 258 F. Supp. 2d 702, 706 (E.D. Mich. 2003)) (internal citations to record omitted).  Similarly, in Benton, the court stated,

> Here, the ALJ found that although Plaintiff has a moderate deficiency in her ability to maintain concentration, persistence, and pace, she is able to perform simple, routine, repetitive work.  However, the limitations included in the hypothetical question and the VE's testimony regarding the effect a lack of concentration has on jobs mentioned was insufficient to suitably accommodate Plaintiff's concentration limitations.

511 F. Supp. 2d at 849.

Like Allen and Benton, the ALJ did not properly account for Kretzmer's concentration, persistence and pace deficiencies in the hypothetical question to the VE.  On remand, the ALJ should incorporate her findings that Kretzmer has moderate difficulties with regard to concentration, persistence or pace into the hypothetical question.

## VI. CONCLUSION

For the reasons stated above, the Court:

ADOPTS the MJRR;

8

DENIES the Commissioner's motion for summary judgment (Doc. 15) seeking to affirm the ALJ's decision to deny benefits;

GRANTS in part Kretzmer's motion for summary judgment (Doc. 12) insofar as it seeks a remand to the ALJ;

DENIES in part Kretzmer's motion for summary judgment (Doc. 12) insofar as it seeks a grant of benefits; and

REMANDS to the ALJ for further proceedings consistent with this opinion.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  December 20, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 20, 2012, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160